70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
LEGAL ENVIRONMENTAL ASSISTANCE FOUNDATION, Petitioner
v.
ENVIRONMENTAL PROTECTION AGENCY, et al., Respondents
 No. 94-1665.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 2, 1995.
 
 Before: WALD, SILBERMAN, and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review of an order of the Environmental Protection Agency, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the Environmental Protection Agency's approval of Florida's permit program be denied. Pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. Secs. 6941-49(a), EPA issued regulations governing inter alia design criteria for municipal solid waste landfills, 40 C.F.R. Part 258.40. Part 258 allows states to submit landfill permit programs for EPA approval. Under state permit programs, landfills may utilize either a standard "composite liner design" or an EPA-approved design meeting performance criteria. Florida sought approval of its landfill permit program, which allowed landfill owners and operators to use any of ten designs. Nine designs were composite liner designs; the tenth was an alternative "double liner" design that was shown to meet the relevant performance criteria through mathematical analysis using the Multimed model. EPA approved Florida's program. The Legal Environmental Assistance Foundation (LEAF) challenges EPA's determination on the grounds that statewide use of an alternative design is inconsistent with Part 258 because it does not provide for "site-specific" review of the adequacy of performance by the EPA, and that the Multimed model used by Florida is a binding, substantive rule that EPA must subject independently to notice and comment rulemaking.
 
 
 3
 Neither claim has merit. EPA's interpretation of Part 258.40 as allowing state programs to provide for alternative designs to be used on a state-wide basis is reasonable. The rule does not, by its terms, require "site-specific" review, and LEAF's reference to language in the appendix to the preamble to Part 258 is insufficient to raise a viable challenge. EPA conducted a thorough and painstaking review of Florida's proposed permit program and determined that it met the performance criteria of Part 258.40. LEAF made no objection to the use of the Multimed model in the proceedings below, where it had the opportunity to do so. EPA also has made clear that the model is only recommended and not required, both through explicit declarations in its Technical Manual and through its treatment of prior applications. Cf. McLouth Steel Prods. Corp. v. Thomas, 838 F.2d 1317, 1320-21 (D.C.Cir.1988) (model that agency treats as binding requires notice and comment). It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.